UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AVIO, INC., a Michigan corporation,
individually and as the representative of a
class of similarity situated persons,

Case No. 2:09-cv-14956

HONORABLE STEPHEN J. MURPHY, III

    Plaintiffs,

v.

LULU LULGJURAJ d/b/a NEW YORK
DELI,

    Defendant.
                                         /

## **ORDER DISMISSING ACTION FOR FAILURE TO SERVE DEFENDANT**

This is a putative class action filed by Avio, Inc., a Michigan corporation, against defendant Lulu Lulgjuraj, d/b/a New York Deli. In its complaint, plaintiff claims that the defendant violated the Telephone Consumer Protection Act by sending unsolicited faxed advertisements.

Plaintiff filed its complaint on December 22, 2009, and the clerk issued a summons the following day for Lulu Lulgjuraj. Other than the appearance of a second attorney on behalf of the plaintiff, the docket reflected no other activity in this matter over the following five months. On May 28, 2010, this Court ordered the plaintiff to show cause why the case should not be dismissed for lack of prosecution under Local Rule 41.2.

The plaintiff filed its response to the order to show cause on June 11, 2010. In its response, plaintiff stated that it "served" defendants by mail with Complaint, Summons and a Waiver of Service on January 6, 2010, but the defendants have not answered. The plaintiff did not attach an affidavit of service, and it appeared to the Court that the plaintiff

had not actually served the defendant but rather sought from the defendant a waiver of service, but that the defendant has not agreed to waive service.

Plaintiff's response raised the issue of whether the defendant had been properly served within the time period set forth in the rules. The Federal Rules of Civil Procedure provide that if a defendant is not served within 120 days after the complaint is filed, the Court must dismiss the action without prejudice on notice to the plaintiff or order that service be made within a specified period of time. Fed. R. Civ. P. 4(m). Plaintiff's response to the Court's initial order to show cause suggested that the plaintiff has not succeeded in serving the defendant within the time set forth by the rules. Accordingly, the Court issued a second order to show cause on June 14, 2010, requiring the plaintiff to show cause within fourteen days why the Court should not dismiss this action, without prejudice, for failure to prosecute and for failure to serve the defendant within the time set forth by Rule 4(m) of the Federal Rules of Civil Procedure. The Court noted that failure to respond satisfactorily may result in dismissal of this action.

Plaintiff has now filed its response to the Court's second order to show cause. In the response, plaintiff asserts that it served defendant by first class mail, pursuant to Mich. Ct. R. 2.105. In support of this assertion, plaintiff has submitted an affidavit of Debra Nichols. In her affidavit, Ms. Nichols avers that, on January 6, 2010, she "sent a copy of the Complaint, Summons and a Waiver of Service along with a letter requesting return of the signed Waiver acknowledging service to Defendants via First Class Mail." Nichols Aff. ¶ 2. Nichols further attests that on January 11, 2010, she "received a telephone call from Nik Lulgjuraj advising that Defendant had received the Complaint and Summons and that upon review of same it was Defendant's belief that the business known as New York Deli had been sold by Defendant prior to the sending of the unsolicited faxes to Plaintiff." *Id.* ¶ 3.

In its response to the Court's second order to show cause, plaintiff asserts that this person's telephonic "acknowledgment" that the defendant received the complaint and summons resulted in service being effected upon the defendant in accordance with Mich. Ct. R. 2.105(A)(2).

Unsurprisingly, plaintiff offers no authority for its proposition that acknowledgment of service by mail can be done telephonically. The text of the rule certainly does not support plaintiff's reading of the statute, which states in relevant part:

> Rule 2.105 Process; Manner of Service.
>
> (A) Individuals. Process may be served on a resident or nonresident individual by,
>   (1) delivering a summons and a copy of the complaint to the defendant personally; or
>   (2) sending a summons and a copy of the complaint by **registered or certified mail, return receipt requested, and delivery restricted to the addressee**. Service is made when the defendant acknowledges receipt of the mail. **A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).**

Mich. Ct. R. 2.105(A) (emphasis added). The rule clearly states that valid service by mail may not be effected by simply mailing the summons and complaint to an individual by First Class mail, as Ms. Nichols stated was done here. Rather, Mich. Ct. R. 2.105(A)(2) requires service by *registered or certified* mail, *return receipt requested*, delivery *restricted to the addressee*, and evidenced by acknowledgment *in the form of a copy of the return receipt* signed by the defendant and *attached to any proof showing service* under this subsection. Mich. Ct. R. 2.105(A)(2); *see Berger v. King World Productions, Inc.*, 732 F. Supp. 766, 769, n. 3 (E.D. Mich. 1990) (Rule 2.105(A)(2) permits service by mail on an individual "but only if 'the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2)'") (quoting Mich. Ct. R. 2.105(A)(2) (emphasis added in *Berger*). A telephone conversation in which someone is alleged to have "acknowledged" receipt is not a substitute for following the

3

numerous and specific requirements of the Michigan Court rule. The plaintiff has failed to establish that service on defendant was effected within 120 days of the date of the date of filing of the complaint, and dismissal is therefore appropriate pursuant to Fed. R. Civ. P. 4(m).[1]

**WHEREFORE**, it is hereby **ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.


s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: July 1, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 1, 2010, by electronic and/or ordinary mail.

Alissa Greer
Case Manager

---

[1] Rule 4(m) permits the Court to order that service be made within a specified time, as an alternative to dismissing without prejudice. The Court will not so order here because the summons has expired and the Court finds on this record that the plaintiff will be unable to establish good cause for the failure to serve the defendant within the time set forth by the rule.